RICHARD MAC BRIDE, SB# 199695
Law Offices Richard Mac Bride
855 Marina Bay Parkway, Suite 210
RICHMOND, CA 94804
Phone 415-730-6289
Fax 510-439-2786
Attorney for Richard Sepulveda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Sepulveda, Plaintiff,<br><br>vs,<br><br>Mojeeb Ahmed Alomari, et al., Defendants. | Case Number 23-1443 HSG<br><br>Plaintiff's opposition to defendants' motion to dismiss (Docket #15) |

Plaintiff hereby presents his opposition to defendants' motion to dismiss, Docket #15.

## I. DEFENSE'S ALLEGATIONS REGARDING SPECIFICITY, AND PLEADING STANDARDS REGARDING SPECIFICITY OF PLEADING

1. Plaintiff alleges that he is limited in the use of his legs and uses a walker, that he suffers from lumbar disc disease and degenerative arthritis in his joints, including his back and knees, and that he sometimes needs to sit in his walker and wheel around like a wheelchair. (Complaint, Docket #1, page 4, line 6.) Plaintiff also states that he is a 100% disabled Vietnam veteran, designated as such by the Veterans Administration. (Id.) Plaintiff has been found to be a disabled person within the definition of the Americans With Disabilities Act by the Courts of the Northern District of California. (See Sepulveda v. Hien Quyen Cong, 20-2172 KAW, Report and Recommendation of Magistrate Judge, Docket #25, page 1, line 24, and page 6, line 17; and subsequent Judgment by the District Judge adopting the Report and Recommendation, Docket #29.)
2. Defendant argues that plaintiff's description of his disability "applies to most everyone over the age of 70." (Docket #15, pager 3, line 6.) Defendant provides no support for this

assertion, nor does he explain why it is relevant that other persons over the age of 70 might also suffer a similar condition.

3. Defendant also argues that plaintiff does not specify what his physicians have instructed him to do or not to do, and that he does not specify the level of strength in his upper body, shoulders, arms, or hands, the extent to which he is able to walk, the width of his walker, or the amount of space he ordinarily needs to walk through circulation aisles. The defense also argues that plaintiff does not specify the extent of his reach, or how the act of leaning over might cause him pain.

4. These arguments go to the question of the pleading standards in an Americans with Disabilities Act access case. A number of ADA cases in the Northern District have examined this issue.

5. In Block v. 7-Eleven, Inc., 21-0048 BLF, Order Denying Motion to Dismiss dated June 28, 2021 (Docket #32), the Court provided the following analysis: “Taking the well-pled allegations in the Complaint as true, Plaintiff has adequately stated an ADA claim. First, he alleges that he has a disability within the meaning of the ADA because he has limited ability to walk and must use a wheelchair, cane, or other equipment for mobility. Compl. ¶ 8. Under the ADA, a physical impairment that substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C §§ 12102(1)(A), (2)(A).” (At page 4, line 22.) “Third, Plaintiff alleges that during his visit to the Facility, he encountered two barriers—a narrow access aisle and a pothole—which deterred and continue to deter him from visiting the Facility because of his reliance on a wheelchair or walking cane. Compl. ¶¶ 10, 12.” (At page 5, line 2.) “Therefore, Plaintiff has adequately stated an ADA claim.” (At page 5, line 10.) “Furthermore, the Court finds it unnecessary for Plaintiff to plead specific violations of the ADAAG to state an ADA claim. *See Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1177 (C.D. Cal. 2011) (“A plaintiff need not state a violation of the ADAAG to state a claim under the ADA.”); *see also Celano v. Marriott Int’l, Inc.*, No. C 05–4004 PJH, 2008 WL 239306, at*12 (N.D. Cal. Jan. 28, 2008) (“[T]he Ninth Circuit rejected the very argument made by [defendant] in this case: ‘that ADA plaintiffs must prove that the defendant contravened a “specific requirement of ADAAG” to

establish a violation of the ADA.' . . . Accordingly, the court concludes that plaintiffs' ADA claim may go forward . . . ." (citation omitted))." (At page 5, line 11.) Plaintiff's pleadings in this case have a similar level of specificity to the Block case, where the Court found the complaint as pled to be sufficient.

6. In Whitaker v. Nowrouzi, 21-3039 HSG, Order Denying Motion to Dismiss dated October 6, 2021 (Docket #34), this Court provided the following analysis: ""Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." (At page 2, line 6.) Further: "In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)." (At page 2, line 13.)

7. This Court went on: "However, unlike in *Tesla*, Plaintiff explains how the dining surfaces failed to comply with the ADA. Specifically, Plaintiff alleges that the dining surfaces "lack[ed] [] sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Compl. at ¶ 12. The Court agrees with the other courts in this district that have found that such allegations are sufficient to state a claim under Rule 12(b)(6), and adopts their reasoning. *See, e.g.*, *Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *5 (N.D. Cal. Sept. 1, 2021); *Whitaker v. Surf & Turf, LLC*, No. 21-CV-03100-JCS, 2021 WL 3427122, at *3 (N.D. Cal. Aug. 5, 2021). To the extent Defendants urge that Plaintiff must allege how many tables there were and whether they were all the same dimensions, *see* Dkt. No. 23 at 5, the Court finds that neither *Tesla* nor Rule 8 requires this level of detail. *Accord Surf & Turf*, 2021 WL 3427122, at *3." (At page 3, line 11.) See also Whitaker

v ZAC Enterprise LLC, 21-3046 HSG, Order Denying Motion to Dismiss dated October 5, 2021 (Docket #23), holding the same. Similarly here, plaintiff Sepulveda has pled with sufficient specificity. (See Docket #1, page 2, line 26 et seq.) This Court further observed: " 'the ADA provides protections even if there is no directly applicable regulation setting a specific standard.' *See 2008 Shattuck*, 2021 WL 3676967, at *2 (collecting cases). "To survive a Rule 12(b)(6) motion, it is sufficient for a complaint to recite the elements of an ADA claim: (1) the plaintiff is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) barriers affecting plaintiff's disability within defendant's place of accommodation barred the plaintiff from full enjoyment of the facility." *Tesla*, 985 F.3d at 1178. The Court finds that Plaintiff has sufficiently pled each element." (At page 5, line 1.) Similarly, here, plaintiff Sepulveda has pled that he is disabled (Docket #1, page 4, line 1), that the defendant is a private entity that owns and operates a place of public accommodation (Id., page 2, line 12), and that barriers affecting his disability in that place barred plaintiff from full enjoyment (Id., page 2, line 26, to page 3, line 25, and page 5, lines 21 to 27). This is sufficient.

8. IN Whitaker v. 2008 Shattuck Ave, LLC, 21-3083 EMC, Order Denying Motion to Dismiss dated August 19, 2021 (Docket #19), the Court provided the following analysis: "In the instant case, Mr. Whitaker has not replicated the *Tesla* error. He has specified how the dining tables did not comply with the ADA – *i.e.*, "lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Compl. ¶ 14. He has also specified how the counter did not comply with the ACA – *i.e.*, it was "too high" and there were "ice cream freezers located in front of the sales counters, which obstruct[] the floor space needed by wheelchair users." Compl. ¶ 19." (At page 2, line 10.) Similarly here, plaintiff Sepulveda provided this level of specificity about the barriers, which is sufficient. (Docket #1, page 2, line 26, to page 3, line 25.)

II. INTENTION TO RETURN

9. Defendants argue that plaintiff has not established an intention to return. (Docket #15, page 14, line 13.) Defendants argue that plaintiff has not pled or alleged how long he has lived in the neighborhood, why he has not shopped at the business in the past, or why he would need

to return to the business if the same products are equally available at dozens of other businesses closer to his place of residence. (Id. at page 14, line 6.) Defendants have not themselves pled or argued any facts on these points, for example, they have not explained what products the subject business offers compared to dozens of other businesses. Defendants are apparently arguing that plaintiff should be obligated to plead all these things.

10. Plaintiff has pled that he intends to return. (Docket #1, page 5, line 27 to page 6, line 2.) Plaintiff has pled that this business is just four miles from his home, on a main thoroughfare. (Id.)

11. The Courts of the 9th Circuit and the Northern District have examined the question of pleading intention to return. In order to establish standing to pursue injunctive relief, an ADA plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)(internal quotation marks, citation, and footnote excluded). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* at 950. "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* "Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Id.* (internal quotation marks and citation omitted).

12. In Whitaker v. Allsaints Spitalfields USA Retail Ltd., 21-3260 BLF, Order Denying Motion to Dismiss dated January 27, 2022 (Docket #24), the Court stated the following; "Whitaker alleges that he personally encountered barriers related to his disability – lounge tables with insufficient knee or toe clearance for wheelchair users and lack of accessible paths of travel – and that those barriers deter him from returning to the store. Compl. ¶¶ 20, 25. Whitaker also alleges that he will return to the store once it is represented to him that the store and its facilities are accessible. Compl. ¶ 25. These allegations are sufficient under *Chapman*." Similarly here, plaintiff

Sepulveda has alleged that her personally encountered barriers related to his disability, and that those barriers deter him from returning to the business. (Docket #1, page 6, line 3, and page 3, line 22.)

13. The Court went on to say: "AllSaints urges this Court to adopt a more exacting pleading standard that would require ADA plaintiffs to allege facts regarding "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. JKLM Properties, L.L.C.*, No. 5:20-CV-01078-EJD, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020). This Court previously has recognized that some district courts impose these additional pleading requirements, and it has declined to follow suit. *See Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *4 (N.D. Cal. Sept. 1, 2021). In the Court's view, Whitaker has satisfied the requirements for pleading likelihood of future injury under applicable Ninth Circuit standards." (Id. at page 8, line 1.) *See also Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit 'has not adopted' these factors 'despite having confronted the same or similar issue repeatedly'). See also Whitaker v. Nick the Greek Santa Clara LLC, 21-9338 BLF (N. U.S. Dist. Cal.)(Order denying motion to dismiss of 6/29/22, Docket #27, page 8, line 3): "The Court declines to require these additional elements on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing." Here too, plaintiff Sepulveda urges this Court not to impose any more stringent standards.

14. See also Whitaker v. Avocado Toast Inc., 21-9398 PJH (N. U.S. Dist. Cal.)(Order denying motion to dismiss of 4/7/22, Docket #20, page 3, lines 14 to 28: "Plaintiff establishes standing by alleging deterrence and an intent to return to the restaurant. First, plaintiff alleges he is 'currently deterred' from returning to Avocado Toast 'because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site.' Dkt. 1, ¶ 20. He further alleges, '[i]f the barriers are not removed, [he] will face unlawful and discriminatory barriers again.' Id.; see Chapman, 631 F.3d at 950 (stating 'a plaintiff can

demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation'). Second, plaintiff alleges he 'will return to Avocado Toast to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Avocado Toast and its facilities are accessible.' Dkt. 1, ¶ 20. He also declares he will return to the restaurant once he is assured that defendant 'intends to welcome the disabled by making its restaurant accessible.' Dkt. 14-1 at 2. Accordingly, the court finds that these allegations, when considered in the light most favorable to plaintiff, as they should be at this stage, adequately allege an intention to return to the restaurant." Similarly here, plaintiff Sepulveda has alleged that he is deterred and will return when the business is made accessible.

15. The Court in Avocado Toast went on: "Second, the Ninth Circuit has stated that in cases where the 'public accommodation being sued is far from the plaintiff's home,' it has 'found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible.' Id. at 1037. Here, plaintiff visits the Bay Area regularly and has stated an intent to return to Avocado Toast once the establishment is ADA compliant." (Id.) In the present case, plaintiff Sepulveda lives only four miles away from this business, which is on a main thoroughfare through Oakland (Foothill Blvd.), and he passes by frequently in his day-to-day travels in this, his home city. It is a convenient location to stop in for a snack.

16. See also Johnson v. MEDVILL 1, LLC, US Dist. Court, N.D. California, 18-4150 LHK, 12/28/20 Order denying motion to dismiss, Docket #51: "The *Civil Rights Education [CREEC]* plaintiffs merely needed to allege: (1) 'that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA'; and (2) 'that they will visit the hotels when the non-compliance is cured.'" Plaintiff Sepulveda in the present case complied with these pleading standards.

17. See also Garcia v. JDGL Properties, LLC, US Dist. Court, N.D. California, 22-0121 HSG, 9/1/22 Order denying motion to dismiss, Docket #45: "Defendant moves to dismiss the

Complaint on the ground that Plaintiff lacks Article III standing. Dkt. No. 17. The argument is essentially that Mr. Garcia cannot establish an Article III injury because he does not have a genuine intent to return to the premises. The Court rejected an identical argument at the summary judgment stage in *Johnson v. Simper Investments, Inc.*, 20-cv-01061-HSG, Dkt. No. 49 (N.D. Cal. October 12, 2021). For the same reasons provided in that opinion, Defendant's argument is rejected here. Whether Mr. Garcia intends to return to the premises to test for ADA compliance is a factual issue. At the motion to dismiss stage, all Mr. Garcia needs to do is adequately plead that he would return but for Defendant's allegedly inaccessible parking conditions. Because the Complaint does so, Defendant's motion is DENIED." (At page 1, line 16.) Similarly here, plaintiff Sepulveda has pled that he intends to return once the barriers are removed. (Docket #1, page 5, line 1.)

III. FACTUAL DISPUTES CANNOT BE RESOLVED AT THIS STAGE

1. Defendants seek to introduce factual disputes at this stage of the proceedings. "An ordinary walker is approximately 20 inches wide, it's not clear why plaintiff would require 36 inches to navigate the aisles." (Docket #15, page 12, line 3.) This is not appropriate at this stage of the proceedings. See Gomez v. Sperow, 21-7852 YGR (N. U.S. Dist. Cal.)(Order denying motion to dismiss of 1/13/22, Docket #18, page 2, line 21 to page 3, line 14): "the Court concludes that the motion raises factual questions that are not appropriate for resolution on the pleadings. Although a factual attack typically requires the party invoking jurisdiction to submit evidence, *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), where the asserted facts are intertwined with the merits, as is the case here, the Court will refrain from deciding the facts at an early juncture. *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F. 3d 1090, 1094 (9th Cir. 2008) ('As a general rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.'). Plaintiff's allegations are sufficient to support his ADA claim at the pleading stage. He alleges that he is blind, that defendant's website is inaccessible to visually impaired individuals, that the inaccessibility denied him of the use and enjoyment of the defendant goods and services,

and that there is a nexus between the website and a physical location. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019) (holding that the ADA applies to a website and mobile application connecting customers to the goods and services of a physical restaurant). Plaintiff has also sufficiently alleged standing based upon his status as a tester, his deterrence, and his intent to return. *C.R. Educ.& Enf't Ctr. v. Hosp. Properties, Tr.*, 867 F.3d 1093, 1099, 1102 (9th Cir. 2017) (holding that an ADA plaintiff has constitutional standing where his or her only motivation for visiting a public accommodation is to test it for compliance); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008). The Unruh Act claim is predicated on the ADA violation and also survives. Accordingly, the Court denies defendant's motion to dismiss on grounds of standing without prejudice." Here, too, plaintiff Sepulveda has made sufficient allegations for this stage of the pleadings. This is not the stage for the Court to make decisions about facts.

IV. OTHER

2. Defendants argue that plaintiff's counsel files ADA cases "on an industrial scale." (Docket #15, page 8, line 7.) Defendants do not allege any facts to support this ad hominem attack, nor do they explain the relevance of this allegation. In Whitaker v. Avocado Toast, 21-9398 PJH (N. U.S. Dist. Cal.)(Order denying motion to dismiss of 4/7/22, Docket #20), the Court stated: "First, the Ninth Circuit has cautioned courts against relying on a plaintiff's past ADA litigation as a reason to question the sincerity of a plaintiff's stated intent to return to an establishment. See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008). In D'Lil, the court explained that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Id. (internal quotation marks omitted). Accordingly, this court may not discredit plaintiff's stated intent to return to defendant's establishment based on his prior litigation history alone." (Id. at *4.)

3. Defendants argue that plaintiff has not pled a concrete and particularized harm. (Docket #15, page 8, line 14.) This is not correct. Plaintiff has pled harm. (See Docket #1, page 3, line 21, page 5, line 21, and page 6, line 14.)
4. Defendants argue that plaintiff has not set out the injunctive relief that he seeks. (Docket #15, page 4, line 10.) This is not correct. Plaintiff identifies the barriers that he encountered in Paragraph 4 of the Complaint, and asks that they be removed in the prayer, page 21, line 1.
5. Defendants argue that plaintiff fails to allege the items he was seeking to buy. (Docket #15, page 12, line 5.) There is no legal standard that requires an ADA plaintiff to set out a laundry list of the specific products that he or she intended to buy. Plaintiff pled that he went to this business to buy food and drink. (Docket #1, page 20, line 17.) That is sufficient.

V. CONCLUSION

6. Plaintiff has set out sufficient allegations in his complaint with a sufficient level of specificity to comply with the pleading standards for this stage of the pleadings. The motion should be denied.

Respectfully submitted,
Richard Mac Bride <u>/s/ Richard Mac Bride</u>
Attorney for plaintiff
July 5, 2023