UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>MOJEEB AHMED ALOMARI, et al.,<br><br>Defendants. | Case No. 23-cv-01443-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant's Motion to Dismiss. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I. BACKGROUND**

On March 28, 2023, Plaintiff Richard Sepulveda filed this action against Defendants, who own Mi Ranchito Market ("the Market") at 3326 Foothill Boulevard in Oakland, California. *See generally* Dkt. No. 1 ("Compl."). In his complaint, Plaintiff alleges that he is disabled, and that he uses a walker because he is "is limited in the use of his legs[.]" Compl. ¶ 6. He further alleges that he suffers from "lumbar disc disease and degenerative arthritis in his joints, including his back and knees." *Id.*

Plaintiff avers that when he visited the Market on or around July 9, 2022 and January 25, 2023 to buy food and drink, he faced numerous noncompliant architectural barriers as he navigated the store using his walker. *Id.* ¶¶ 4, 12. Specifically, he alleges that (1) various obstacles on the service counter required Plaintiff to reach excessively, causing him pain; (2) the narrow width of the aisles prevented Plaintiff from navigating comfortably, or at all; (3) the tight dimensions of an alcove within the Market prohibited him from entering and shopping in that area;

and (4) the path from the public sidewalk to the Market's entry sloped more than permitted. *Id.* ¶ 4. As a result of these barriers, Plaintiff alleges that Defendants unlawfully interfered with his full and equal access and enjoyment of a public accommodation. *Id.* ¶¶ 5, 11, 13, 16, 17. Plaintiff additionally alleges that he was "deterred from returning to Mi Ranchito Market on March 20, 2023, due to the ongoing existence of the barriers," but that he "plans to return to the Business when this public accommodation is made accessible." *Id.* ¶¶ 12, 14.

Plaintiff brings causes of action against Defendants for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.; (2) California Health and Safety Code §19955 et seq.; (3) California Civil Code §§ 54, 54.1 and 54.3; and (2) the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. *Id.* ¶¶ 18-71. Defendants now move to dismiss the complaint. *See* Dkt. No. 15.

## II.   ANALYSIS

### A.   Standing

Defendants argue that dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate because Plaintiff has not established standing. *See* Dkt. No. 15 ("Mot."). The Court disagrees.

#### i.   Legal Standard

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The issue of Article III standing is jurisdictional and is therefore "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To meet his burden of establishing standing, a plaintiff must show he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). And where a plaintiff seeks injunctive relief, he must also demonstrate a "real and immediate threat of repeated injury." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). An ADA plaintiff can demonstrate a likelihood of future injury and therefore satisfy the imminence requirement by showing (1) an "inten[t] to return to a noncompliant

2

1  accommodation" or (2) "deter[ence] from returning to a noncompliant accommodation." *Id.*

2  If a plaintiff fails to establish standing or any other aspect of subject matter jurisdiction,

3  "the court, on having the defect called to its attention or on discovering the same, must dismiss the

4  case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better*

5  *Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*,

6  559 U.S. 77 (2010).

### ii. Discussion

Though Defendants' arguments are at times hard to follow, their main contention is that Plaintiff has not established injury-in-fact or a likelihood of future injury. *See* Mot. at 10-19. First, Defendants appear to suggest that Plaintiff's allegations of injury are unsupportable because he did sufficiently describe the particulars of his disability. *See* Mot. at 14. The Court disagrees. Plaintiff alleged that he encountered specific discriminatory architectural barriers in the Market that caused him "pain[]," "embarrassment and humiliation[,]" made him feel like "a second-class citizen[,]" and prevented him from enjoying equal access to the goods and services offered on account of his disability. Compl. ¶¶ 4(a), 5, 4(b). He has also alleged that these barriers deter him from returning. This is enough to establish injury-in-fact at the motion to dismiss stage. *See, e.g.*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021).

Second, Defendants argue that Plaintiff is not entitled to pursue injunctive relief because he has not sufficiently alleged a likelihood of future injury, as required under *Chapman*. Mot. at 15–19. In particular, they suggest that Plaintiff's allegation that he intends to return to the Market is not genuine because he does not *also* allege facts about "his past patronage to the Business and the frequency of the visits," "why he would need to return to the Business if the same products are equally available at dozens of other [closer] Businesses," or "how long has he lived in the neighborhood and why he has not shopped at the Business in the past." *Id.* at 16–17. But under *Chapman*, Plaintiff need not make such allegations to survive a motion to dismiss. *Chapman*, 631 F.3d at 946. This Court rejected arguments similar to those made by Defendants at the summary judgment stage in *Scott Johnson v. Simper Investments, Inc.*, and for the same reasons provided in that opinion, it does so again here. No. 20-CV-01061-HSG, 2021 WL 4749410 at *3–4 (N.D. Cal.

1 Oct. 12, 2021). Whether Plaintiff intends to return to the Market is a factual issue. At the motion
2 to dismiss stage, all Plaintiff needs to do is adequately plead that he would return but for
3 Defendants' alleged maintenance of discriminatory barriers, and he has done so. Compl. ¶ 14
4 ("Plaintiff plans to return to the Business when this public accommodation is made accessible.").
5 Plaintiff has also alleged that he was deterred from returning to the Market on March 20, 2023
6 "due to the ongoing existence of the barriers," which under *Chapman* is an independent and
7 sufficient basis to establish the likelihood of future injury. *Chapman*, 631 F.3d at 950
8 ("Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when
9 discriminatory architectural barriers deter him from returning to a noncompliant
10 accommodation.").

Construing the pleading in the light most favorable to Plaintiff, as it must, the Court finds that Plaintiff has properly alleged standing to pursue his disability claims, including his prayer for injunctive relief. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Defendants' motion to dismiss on standing grounds is therefore **DENIED**.

### B. Failure to State a Claim

Defendants additionally argue that Plaintiff's claims should be dismissed because they lack the particularity required by Rule 12(b)(6). Mot. at 7–8. The Court again disagrees.

#### i. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### ii. Discussion

Defendants assert that Plaintiff's claims must be dismissed because they lack details about – among other things – his mobility disability, the specific architectural deficiencies of the Market, and the remedial steps Plaintiff wants Defendants to make. *See generally* Mot.; Dkt. No. 24 ("Reply"). For example, Defendants complain that Plaintiff did not detail "the level of strength in his upper body, his shoulders, his arms, his hands," "the extent of his reach," "how leaning over might cause him pain," or "the amount of space he ordinarily needs to walk through circulation aisles." Mot. at 6. Plaintiff further erred, they argue, by not specifying "why he would need to enter the alcove area," how the aisles were "too narrow," or what "the specific alterations that he would like implemented" are. *Id*. at 6–7.

But Defendants' assertions about the pleading standard bear no resemblance to the actual 12(b)(6) requirements. To state a claim under the ADA, for instance, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied access to public accommodations by Defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Taking the well-pled allegations in the Complaint as true, Plaintiff has done so. First, he alleges that he has a disability within the meaning of the ADA because he has limited ability to walk and must use a walker for mobility. Compl. ¶ 6. Under the ADA, a physical impairment that

5

substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C §§ 12102(1)(A), (2)(A). Second, he alleges that Defendants own, lease, or operates the Market, a place of public accommodation. Compl. ¶ 11; *see also* U.S.C. § 12181(7)(E) (listing "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" as a place of public accommodation). Third, Plaintiff alleges that during his visit to the Market, he encountered barriers – such as narrow aisles, an inaccessible alcove, an obstructed service counter, and a sloped entryway – that deterred and continue to deter him from visiting the market because of his use of a walker. Compl. ¶¶ 4, 15-17. This is sufficient to state an ADA claim. *See, e.g.*, *Whitaker v. Nowrouzi*, No. 21-CV-03039-HSG, 2021 WL 4595077 at *2 (N.D. Cal. Oct. 6, 2021); *Block v. 7-Eleven, Inc.*, No. 5:21-CV-00048-BLF, 2021 WL 2651359 at *3 (N.D. Cal. June 28, 2021). Because "a violation of the ADA is, per se, a violation of the Unruh Act" and California Civil Code sections 54 and 54.1, the Court concludes that Plaintiff has adequately stated a claim under these provisions. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); Cal. Civ. Code §§ 54, 54.1. And since Defendants did not raise any specific arguments as to how Plaintiff's allegations under California Health and Safety (H&S) Code section §19955 et seq are deficient, the Court denies the motion on that ground as well.[1]

The Court accordingly **DENIES** Defendant's motion to dismiss for failure to state a claim.

### III. CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss, Dkt. No. 15.

The Court further **SETS** a telephonic case management conference on December 5, 2023, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929

---

[1] Instead of articulating an argument for how this claim falls short, Defendants only urge Plaintiff to "keep[] in mind that the California building code is not enforceable in a district court." Mot. at 14. Defendants cite no authority for this proposition, and do not explain how this affects Plaintiff's claim under the H&S Code. While the Court accordingly need not further analyze Plaintiff's H&S Code claim, it simply observes that such a claim "*may* be premised on a violation of the [California Building Code,]" and that Plaintiff has alleged that the Market is subject to the Building Code's access requirements. *Block*, No. 5:21-CV-00048-BLF at *4 (emphasis added); Compl. ¶ 3.

Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by November 28, 2023.  The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:   10/31/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge