United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SEPULVEDA,

    Plaintiff,

v.

MOJEEB AHMED ALOMARI, et al.,

    Defendants.

Case No. 23-cv-01443-TSH

**ORDER DENYING DEFENDANTS' MOTION TO REOPEN DEPOSITION**

Re: Dkt. No. 77

## I. INTRODUCTION

Plaintiff Richard Sepulveda is an individual with a disability. He brings this case against Defendants Mojeeb Ahmed Alomari and Adel M. Aldafari, both individually and dba Mi Ranchito Market, and Mi Ranchito Market #2, alleging claims under the American with Disabilities Act and related state law claims stemming from barriers he encountered at Mi Ranchito Market. Pending before the Court is Defendants' request to reopen Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(A) to question him about statements he made in a declaration filed with his motion for summary judgment. ECF No. 77. Plaintiff filed an opposition ECF No. 78) and Defendants filed a reply (ECF No. 79).[1] For the reasons stated below, the Court **DENIES** Defendants' motion.[2]

## II. BACKGROUND

Plaintiff is limited in the use of his legs and uses a walker, sometimes needing to sit in his walker and wheel around like a wheelchair. Sepulveda Decl. ¶ 1, ECF No. 62-2. He suffers from

---

[1] Although Defendants filed their reply one day after the filing deadline, the Court shall consider their reply as counsel has established good cause for the delay. Sahelian Decl., ECF No. 79-1.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 44.

lumbar disc disease and degenerative arthritis in his joints, including his back and knees. *Id.* "These conditions cause [him] difficulty when using certain facilities, especially when they are not in compliance with reach distances and width measurements as provided for in federal and state disability access laws." *Id.* Defendants own Mi Ranchito Market, located at 3326 Foothill Boulevard in Oakland, California. Compl. ¶ 7, ECF No. 1; Answer ¶ 7, ECF No. 37; Defs.' Response to Pl.'s Statement of Facts ¶ 3, ECF No. 65-1. When he filed this lawsuit, Plaintiff lived in Oakland, about four miles from the market, but he subsequently moved to Manteca, over 60 miles away. Sepulveda Decl. ¶ 2.

On July 9, 2022 and January 25, 2023, Plaintiff visited Mi Ranchito Market but was deterred from returning due to several barriers he encountered, including a service counter with blocked access, narrow aisles, and a sidewalk with a slope of more than two percent. Sepulveda Decl. ¶ 3. On March 28, 2023, Plaintiff filed this action for injunctive and declaratory relief under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.; California's Disabled Persons Act, Cal. Civ. Code §§ 54, 54.1, 54.3; California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 51.5; and the California Health and Safety Code. *See generally* Compl. Both parties subsequently moved for summary judgment. ECF Nos. 60, 62.

On May 7, 2025, the Court granted Plaintiff's motion for summary judgment and denied Defendants' motion for summary judgment. ECF No. 71; *Sepulveda v. Alomari*, 2025 WL 1331621 (N.D. Cal. May 7, 2025). In finding Plaintiff had standing despite moving to Manteca, the Court held he sufficiently alleged an intent to return based on his declaration that "he continues to receive frequent medical attention at the Veterans Administration health facilities in Oakland, including the Veteran's Hospital at 2221 Martin Luther King Jr. Way in Oakland, which is about five miles from Mi Ranchito Market," and that he lived in Oakland "for decades," has "long-standing ties to the area," and that "[t]here are many Latino restaurants and stores, and other restaurants and stores, in this area that [he] like[s] to visit." Order at 6-7 (quoting Sepulveda Decl. ¶ 3). Although the Court granted Plaintiff's motion as to standing, it declined to find Plaintiff had established any of his causes of action. *Id.* at 13. The matter is currently set for trial on September 15, 2025.

1    On June 6, 2025, the parties filed a joint case management statement in which Defendants
2    argued that fact discovery should be reopened and they should be able to renew their motion for
3    summary judgment based on new evidence presented by Plaintiff in his summary judgment
4    declaration. ECF No. 75. The Court found briefing on the matter would be helpful and, given the
5    impending deadline to exchange pretrial disclosures and the approaching trial date, set an
6    expedited briefing schedule, with Defendants opening brief due June 12, Plaintiff's response due
7    June 18, and Defendants' reply due June 23. ECF No. 76.

Defendants filed the present motion on June 12, 2025.

### III.   DISCUSSION

As a preliminary matter, Defendants bring their motion pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), which provides that a party must obtain leave of court to take a deposition if "the deponent has already been deposed in the case." However, it is not clear if Defendants have ever taken Plaintiff's deposition in this case. In ECF No. 79, Defendants say: "During his deposition on August 6, 2024, in a related matter . . . ." In ECF No. 78, Plaintiff says: "Defendants cite the deposition testimony that plaintiff gave on August 6, 2024 in the civil case of *Sepulveda v. Alzamzami*, 24-0651 VC, Northern District of California, and a subsequent declaration by plaintiff, as the basis for their request to reopen." The only deposition of Plaintiff that appears in the record is at ECF No. 60-4, but that is the deposition that was taken in 24-cv-651 VC. As such, there is nothing to indicate Defendants took Plaintiff's deposition for the first time in this case, and there is therefore nothing to "reopen." Defendants' motion should therefore be denied on this ground. However, even assuming Defendants have already taken Plaintiff's deposition, the Court finds their motion must be denied.

### A.   Legal Standard

The federal rules governing depositions presumptively limit a party to one deposition of an opposing party or witness. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court may grant leave to take multiple depositions of the same party or witness "consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "In the absence of a stipulation, a

3

party must obtain leave from the court to re-open a deposition." *Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) (citing Fed. R. Civ. P. 30(a)(2)(A) and *Couch v. Wan*, 2012 WL 4433470, at *3 (E. D. Cal. Sept. 24, 2012)).

"Whether to re-open a deposition lies within the court's discretion." *Id.* (citing *Couch*, 2012 WL 4433470, at *3). "Reopened depositions are disfavored, except in certain circumstances, such as, long passage of time with new evidence or new theories added to the complaint." *Couch*, 2012 WL 4433470, at *3 (citing *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989)). Courts will not find good need if: (i) the additional deposition is unreasonably cumulative or the information can be obtained from some other source that is less burdensome; (ii) the party had ample time to obtain the information through discovery; or (iii) the burden outweighs the likely benefit. *Bookhamer*, 2012 WL 5188302, at *2).

Further, as fact discovery closed in this case on January 15, 2025, *see* ECF No. 48, the Court must also consider whether Defendants have demonstrated good cause to modify the scheduling order. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *Sheridan v. Reinke*, 611 Fed. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Carlson v. City of Spokane*, 2014 WL 12635920, at *4 (E.D. Wash. Nov. 10, 2014) (applying good cause standard to motion to reopen deposition).

**B.   Discussion**

Defendants argue reopening discovery to take Plaintiff's deposition is appropriate because, "[i]n opposition [to their motion for summary judgment], Plaintiff submitted a declaration that- for the first time- asserted facts wholly absent from his sworn deposition testimony." Mot. at 2. However, Plaintiff did not submit a declaration in opposition to Defendants' motion — he filed it in support of his own motion for summary judgment, which was filed the same day as Defendants' motion. As such, Defendants could have moved for additional time to take discovery related to Plaintiff's testimony prior to filing their opposition to Plaintiff's motion. *See* Fed. R. Civ. P. 56(d)(2) (permitting the Court to "allow time to obtain affidavits or declarations or to take discovery" in response to a motion for summary judgment). Moreover, Defendants themselves

4

submit evidence that they may have been aware as early as August 2024 that Plaintiff moved. *See* Reply at 2 (citing Plaintiff's August 6, 2024 deposition in a related matter in which Plaintiff testified that he now lives in Manteca). Plaintiff's counsel has also submitted evidence that Defendants likely knew at least by December 2024. *See* Opp'n, Ex. 1 (12/19/24 email from Plaintiff's counsel to Defendants' counsel: "Even though [Plaintiff] has moved to Manteca, California, he continues to return to Oakland, California regularly.").[3] Despite having ample time to request a further deposition, either in response to counsel's email or Plaintiff's motion, Defendants did not, and they have provided no justification for their failure to do so. *See Bookhamer*, 2012 WL 5188302, at *3 ("That Defendant made a tactical decision that resulted in a litigation disadvantage does not warrant the reopening of Mary DiSilvestro's deposition.").

Beyond issues with timing, Defendants' motion must also be denied on the merits. Defendants argue the statements Plaintiff made in his declaration—that he receives medical treatment and continues to visit restaurants and stores in Oakland—contradict his deposition testimony from August 6, 2024. Mot. at 3. Defendants cite to the following testimony:

> Q: Do you plan to revisit any of the grocery you have sued?
>
> A: Who did -- who did I sue?
>
> Q: I don't know. Who did you sue?
>
> A: You tell me. You assume that I sued a bunch of people, so you tell me.
>
> ***
>
> Q: Where do you currently shop for groceries, sir, currently?
>
> A: Costco and Safeway.
>
> Q: All right. Um, how regularly do you shop at Costco and Safeway?
>
> A: Whenever we need supplies, I go.
>
> Q: Is there anything that you like to eat that is not available at Costco

---

[3] Defendants argue this email is unsupported by a declaration. Reply at 3. However, although it is contained in Plaintiff's opposition brief and not in a separate document, Plaintiff's counsel, Richard Mac Bride, has declared under penalty of perjury under the laws of the state of California that the email, filed as Exhibit 1 to Plaintiff's opposition, is a true and correct copy of the email he sent to defense counsel Ara Sahelian on December 19, 2024. Opp'n at 4.

>       or Safeway?
>
>       A: No. Um, I lost 180 pounds in four years. And I eat a lot of vegetables and I eat salmon, and chicken and turkey. I stay away from complex carbohydrates.
>
>       \*\*\*
>
>       Q: Is there anything, um, that you like to eat that you cannot get at either Costco or Safeway?
>
>       A: No.

*Id.* at 3-4 (cleaned up). Defendants argue "Plaintiff's post-discovery declaration directly contradicts this testimony and deprived Defendant [sic] of the opportunity to examine him on material facts upon which the Court's ruling depended." *Id.* at 4. However, the quoted testimony, which focuses on where Plaintiff shops for groceries, does not contradict the statements in his declaration, which focus on where he receives medical treatment and the "Latino restaurants and stores" he visits in the area. And, even if the Court were to find Plaintiff's testimony is contradictory, "[i]nconsistent or contradictory testimony is not enough by itself to justify reopening a deposition." *Barten v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 11512606, at \*2 (D. Ariz. July 8, 2014) (citing *Bookhamer*, 2012 WL 5188302, at \*2-3) (new deposition was ruled improper in wrongful death case despite documents demonstrating that the deponent "committed perjury in her deposition, because . . . she knew about [and denied] the decedent's drug use and neglect"); *E.E.O.C. v. Prod. Fabricators Inc.*, 285 F.R.D. 418, 422-23 (D. Minn. 2012) (defendants were not allowed to re-depose plaintiff about previous shoulder pain despite the fact that Plaintiff failed to disclose his medical records before the deposition and did not disclose his chronic shoulder pain at deposition when asked about "prior workplace injuries"); *Cunningham v. D.C. Sports and Ent. Comm'n*, 2005 WL 4898867, \*5 (D.D.C. Nov. 29, 2005) (defendants were not entitled to re-depose plaintiff "about any discrepancies between his claims of longstanding and severe injuries and that which is revealed by [a surveillance] videotape"); *see also Mountains of Spices LLC v. Lafrenz*, 2023 WL 2691560, at \*2 (D. Ariz. Mar. 29, 2023) ("Consistent with *Barten* and the cases cited therein, this Court finds that even if Plaintiff is correct that Devin did not give truthful answers in his first deposition (which Devin disputes . . .) that fact would not justify a second deposition."). If Defendants to seek to attack Plaintiff's credibility based on

1  testimony they consider inconsistent, they can use this evidence to impeach his testimony at trial.

2  There is little foundation Defendants could lay at a deposition that they could not lay at trial. *See*

3  *Barten*, 2014 WL 11512606, at *3 (denying request to reopen deposition where defendant could

4  use evidence obtained after deposition "to impeach Barten's testimony throughout these

5  proceedings").

6        Accordingly, Defendants' motion must be denied.

### IV.   CONCLUSION

Based on the analysis above, the Court **DENIES** Defendants' motion to reopen discovery.

**IT IS SO ORDERED.**

Dated: June 24, 2025

                                                    THOMAS S. HIXSON
                                                    United States Magistrate Judge